*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*
*Fax: 973-645-2702*

KMR/PL.AGR
2021R00164

May 9, 2022

Lorraine Gauli-Rufo, Esq.
LGR Law LLC
6 Pompton Avenue
Cedar Grove, NJ 07009

Re: Plea Agreement with Michael DeNicola

Dear Ms. Gauli-Rufo:

This letter sets forth the plea agreement between your client, Michael DeNicola ("DENICOLA"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on May 25, 2022, if it is not accepted in writing by that date.

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from DENICOLA to a three-count Information that charges DENICOLA with the following offenses: (1) conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347 in violation of 18 U.S.C. § 1349 (Count One); (2) distribution and possession with intent to distribute Schedule II controlled substances outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and (3) unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Three). If DENICOLA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against DENICOLA for, from in or about April 2017 to in or about August 2021, conspiring to commit health care fraud, distribution of controlled substances, and unlawful possession of a firearm.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, DENICOLA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by DENICOLA may be commenced against him, notwithstanding the expiration of the limitations period after DENICOLA signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349, contrary to 18 U.S.C. § 1347, to which DENICOLA agrees to plead guilty carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which DENICOLA agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(g) to which DENICOLA agrees to plead guilty carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon DENICOLA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence DENICOLA ultimately will receive.

Further, in addition to imposing any other penalty on DENICOLA, the sentencing judge (1) will order DENICOLA to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) with respect to Count One, must order DENICOLA to pay restitution pursuant to 18 U.S.C. § 3663A; (3) as to all counts, may order DENICOLA, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) as to Count One, must order DENICOLA to pay forfeiture, pursuant to 18 U.S.C. § 982(a)(7).

With respect to Count Two, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require DENICOLA to serve a term of supervised release of at least three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed as to Count Two. With respect to Count One and Count Three, pursuant to 18 U.S.C. § 3583, the court may require DENICOLA to serve a supervised release term of up to three years, which term of supervised release will begin at the expiration of any term of imprisonment. Should DENICOLA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DENICOLA may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C.§ 3663A, DENICOLA agrees to pay full restitution to the victims of the offenses charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of those offenses as detailed in Paragraph 20 of the Attached Schedule A.

Forfeiture

As part of his acceptance of responsibility, DENICOLA agrees to forfeit to the United States (1) pursuant to 18 U.S.C. § 982(a)(7), all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 charged in Count One of the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7); and (2) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds DENICOLA obtained, directly or indirectly, as the result of the violation charged in Count Two of the Information, and all of the defendant's right, title, and interest in any property in which the defendant has an interest that was used or intended to be

used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in Count Two of the Information.

DENICOLA further agrees that the value of such property was $1,394,250; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant, in an amount not to exceed $1,394,250 (the "Money Judgment"). The defendant consents to the entry of an Order requiring the defendant to pay the Money Judgment and that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

DENICOLA waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

DENICOLA further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If DENICOLA fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or

if this Office determines that DENICOLA has intentionally failed to disclose assets on his Financial Disclosure Statement, DENICOLA agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on DENICOLA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of DENICOLA's activities and relevant conduct with respect to this case.

Stipulations

This Office and DENICOLA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or DENICOLA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and DENICOLA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

DENICOLA understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. DENICOLA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. DENICOLA wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. DENICOLA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, DENICOLA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DENICOLA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against DENICOLA.

No provision of this agreement shall preclude DENICOLA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that DENICOLA received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between DENICOLA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

Katherine M. Romano

By: KATHERINE M. ROMANO
DANIEL V. SHAPIRO
Assistant U.S. Attorneys

APPROVED:

Jason S. Gould
Chief, Health Care Fraud Unit

I have received this letter from my attorney, Lorraine Gauli-Rufo, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Michael DeNicola

Date: May 24th 2022

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

Lorraine Gauli-Rufo

Lorraine Gauli-Rufo, Esq.

Date: May 24, 2022

## Plea Agreement with Michael DeNicola

## Schedule A

1. This Office and Michael DeNicola ("DENICOLA") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and DENICOLA nevertheless agree to the stipulations set forth herein and agree that the Court should sentence DENICOLA within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and DENICOLA further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines, effective November 1, 2021, applies in this case.

## Count One

3. The applicable guideline for Count One as charged in the Information is U.S.S.G. § 2X1.1, which provides that the base offense level for conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is health care fraud, the applicable guideline is U.S.S.G. § 2B1.1.

4. Under U.S.S.G. § 2B1.1, the base offense level is 6. *See* U.S.S.G. § 2B1.1(a)(2).

5. Because this offense involved loss totaling more than $1,500,000 but not more than $3,500,000, the Specific Offense Characteristic results in an increase of 16 levels. *See* U.S.S.G. § 2B1.1(b)(1)(I).

6. The offense level for Count One is therefore 22.

## Count Two

7. The applicable guideline for Count Two as charged in the Information is § 2D1.1, which provides that the base offense level is the offense level specified in the Drug Quantity Table. *See* U.S.S.G. §§ 2D1.1(a)(5), (c). Because the offense involved a quantity of at least 100kg but less than 400kg of Converted Drug Weight, the base offense level is 24. U.S.S.G. § 2D1.1(c)(8); *see* § 2D1.1 cmt. n.8 (D).

8. The offense level for Count Two is therefore 24.

**Count Three**

9. The applicable guideline for Count Three as charged in the Information is § 2K2.1. The base offense level is 14, because DeNicola was a prohibited person at the time he committed the instant offense. *See* U.S.S.G. § 2K2.1(a)(6). However, because DeNicola possessed the firearm solely for lawful sporting purposes and did not unlawfully discharge or otherwise unlawfully use the firearm, the offense level is decreased to 6. *See* U.S.S.G. § 2K2.1(b)(2).

10. The offense level for Count Three is therefore 6.

**Grouping**

11. Pursuant to §3D1.2, the counts do not group. The combined offense level is determined by taking the offense level applicable to the count with the highest offense level and increasing that offense level by the amount indicated in U.S.S.G. § 3D1.4.

12. Count Two has the highest offense level and is counted as one Unit. *See* U.S.S.G. § 3D1.4(a). Count One is two levels less serious than Count Two and is thus counted as one additional Unit. *See id.* Count Three is disregarded for purposes of this calculation because the offense level applicable to Count Three is 9 or more levels less serious than the offense level for Count Two. *See* U.S.S.G. § 3D1.4(c).

13. Pursuant to § 3D1.4, the offense level applicable to the Group with the highest offense level is increased by two levels because there are a total of two Units. *See* U.S.S.G. § 3D1.4. The combined base offense level is therefore 26.

14. Because DENICOLA abused a position of public or private trust, and used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, the combined base offense level is increased by 2 levels pursuant to U.S.S.G. § 3B1.3.

15. As of the date of this letter, DENICOLA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if DENICOLA's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

16. As of the date of this letter, DENICOLA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their

resources efficiently. At sentencing, this Office will move for a further 1-point reduction in DENICOLA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) DENICOLA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that DENICOLA's acceptance of responsibility has continued through the date of sentencing and DENICOLA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) DENICOLA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to DENICOLA is 25 (the "agreed total Guidelines offense level").

18. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 25 is reasonable.

19. DENICOLA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

a. Any proceeding to revoke the term of supervised release.

b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the

court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

21. This Office and DENICOLA agree to stipulate that the victim sustained losses in the amount listed below as a result of the offenses charged in the Information as follows:

| Victim | Amount |
|---|---|
| National Railroad Passenger Corporation (Amtrak) Healthcare Plan | $1,655,516 |